UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GAVONTYE LOTT, | ) | CASE NO. 5:25-cv-01260 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| RESOURCE MFG, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is the Motion to Dismiss submitted by Defendants Resource MFG and EmployBridge ("Defendants") seeking dismissal of Counts One and Two of *pro se* Plaintiff Gavontye Lott's ("Lott") Complaint. (Doc. 5.) The Motion is unopposed. For the reasons stated below, the Motion is GRANTED. Counts One and Two are DISMISSED.

I. **BACKGROUND**[1]

Lott lives in Akron, Ohio. (Doc. 1-1 at 7, ¶ 1.)[2] In September 2024, he worked for Resource MFG, a subsidiary of Defendant EmployBridge. (*Id.* at 8, ¶ 5.) He was assigned to DHL. (*Id.*) Shortly after beginning the assignment with DHL, Lott terminated his employment with Resource MFG "due to transportation difficulties." (*Id.* at 8, ¶ 6.) Resource MFG told Lott he could seek to return when he secured reliable transportation. (*Id.*) In or about this time period, Lott knew of and consented to a background investigation. (*Id.* at 8, ¶¶ 8, 10.)

In December 2024, Lott reapplied to Resource MFG. (*Id.* at 8, ¶ 7.) He was told that an

---

[1] Lott's factual allegations are presumed true at this stage in the litigation. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

open shift position was available. (*Id.*) Resource MFG conducted a second background check. (*Id.* at 8, ¶ 8.) When Lott called Resource MFG to confirm the position, Resource MFG told Lott his employment account was frozen due to an open case found during his background check. (*Id.* at 8, ¶ 9.) Lott neither received written notice of nor consented to the background check. (*Id.* at 8, ¶ 10.) Because his employment account was frozen, Lott seeks damages for economic and reputational harm. (*Id.* at 8, ¶ 11.)

On May 7, 2025, Lott filed his Complaint in state court. *See Lott v. Resource MFG*, No. CV-2025-05-2077 (Summit Cnty. Ct. of Common Pleas). On June 16, 2025, Defendants removed the case to this Court. (Doc. 1.) The Complaint states three claims: (1) wrongful interference with prospective economic advantage (Count One); (2) breach of implied employment agreement (Count Two); and (3) violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*) (Count Three). (Doc. 1-1 at 8-9, ¶¶ 13-18.) On June 20, 2025, Defendants moved to dismiss Counts One and Two. (Doc. 5.) Lott did not file any response.

## II. ANALYSIS

### A. Legal Standard

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A complaint must still contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion tests whether the complaint meets this standard. To survive a Rule 12(b)(6) motion for failure to state a claim, the complaint must make out a plausible legal claim, meaning the complaint's factual allegations must be sufficient for a court "to draw the reasonable inference that the defendant is liable."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility does not require any specific probability of success, but it does demand "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When courts evaluate whether a complaint states a plausible claim, they must accept all factual allegations as true. *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)). Courts must also draw all reasonable inferences in favor of the plaintiff, and they must generally construe the complaint in the light most favorable to the plaintiff. *Id.* Courts do not accept legal conclusions or other conclusory allegations as true, *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275-76 (6th Cir. 2010)), and courts need not make unwarranted factual inferences, *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

The failure to respond or otherwise oppose the motion is a sufficient reason alone to grant the motion to dismiss. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (failure to oppose arguments raised in a motion to dismiss is sufficient grounds for the district court to find that opposition is waived); *Scott v. Tenn.*, 878 F.2d 382 (6th Cir. 1989) ("[I]f a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Even so, for the reasons below, both claims must be dismissed.

    **B.**    **Wrongful Interference with Prospective Economic Advantage (Count One)**

"In Ohio, a tortious interference with prospective economic advantage is analyzed the same way as tortious interference with business relationships." *J.M. Smucker Co. v. Hormel Food Corp.*, 526 F.Supp.3d 294, 310 (N.D. Ohio 2021) (citing *Jedson Eng'g, Inc. v. Spirit*

*Constr. Servs., Inc.*, 720 F.Supp.2d 904, 923 (S.D. Ohio 2010)). "Tortious interference with a business relationship occurs when a person, 'without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another.'" *Id.* (quoting *Wilkey v. Hull*, 366 F. App'x 634, 638 (6th Cir. 2010)). "The elements of tortious interference with a business relationship are (1) a business relationship, (2) the wrongdoer's knowledge thereof, (3) an intentional interference causing a breach or termination of the relationship, and (4) damages resulting therefrom." *Geo-Pro Serv., Inc. v. Solar Testing Labs., Inc.*, 763 N.E.2d 664, 672 (Ohio Ct. App. 2001) (citation omitted). An essential element of the tort is interference by someone who is not a party or agent of the party to the contract or relationship at issue." *Komorek v. Conflict Int'l, Inc.*, No. 24-cv-1227, 2025 WL 948973, 2025 U.S. Dist. LEXIS 59437, *59 (S.D. Ohio Mar. 29, 2025) (quoting *Dorricott v. Fairhill Ctr. for Aging*, 2 F.Supp.2d 982, 989-90 (N.D. Ohio 1998)).

Defendants argue the Complaint fails to identify any third-party at all, let alone allege a third-party relationship. (Doc. 5 at 38.) To state a claim for tortious interference with a business relationship, a complaint cannot rely on a "vague assertion that a party interfered with certain unspecified business relationships." *Barrio Bros., LLC v. Revolucion, LLC*, No. 18-cv-2052, 2020 WL 3547014, 2020 U.S. Dist. LEXIS 113656, *22 (N.D. Ohio June 30, 2020) (citing *Wilkey*, 366 F. App'x at 638.) Dismissal is appropriate "[a]bsent some factual allegation that [the defendant's] actions ended or prevented a business relationship." *Wilkey*, 366 F. App'x at 638. A complaint must allege the relationship interfered with, including identifying the parties involved. *BCG Masonic Cleveland, LLC v. Live Nation Ent., Inc.*, 570 F.Supp.3d 552, 559 (N.D. Ohio 2021) (the "claim fails because [plaintiff] does not identify any specific business relationships with which [defendant] interfered"). And a complaint must allege *how* the

defendant interfered with that relationship. *Id.*

The Complaint here fails to set forth any allegations explaining how Defendants caused a breach or termination of an unspecified employment relationship with a third party. The employment relationship Lott sought was with Defendants. His assignments would have been secured through Defendants. Defendants froze his employment account when he reapplied because of "an alleged open case." (Doc. 1-1 at 8, ¶ 9.) Drawing all inferences in Plaintiff's favor, the Complaint does not state a wrongful interference claim.

### C. Breach of Implied Employment Agreement (Count Two)

"Under Ohio law, 'the existence of express or implied-in-fact contracts . . . hinge[s] upon proof of all of the elements of a contract.'" *Ramsey v. Allstate Ins. Co.*, 514 F. App'x 554, 558 (6th Cir. 2013) (quoting *Stepp v. Freeman*, 694 N.E.2d 510, 514 (Ohio 1997)). "To prove a breach of an implied contract claim, the plaintiff must demonstrate: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Gruger v. Diversified Air Sys., Inc.*, No. 07-MA-52, 2008 WL 2633470, 2008 Ohio App. LEXIS 2869, *42 (Ohio Ct. App. June 30, 2008) (citing *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio 1994)); *Mitchell v. Fujitec Am., Inc.*, 518 F.Supp.3d 1073, 1098 (S.D. Ohio 2021) ("[T]o successfully state [such] a breach of implied contract claim . . . a plaintiff must plausibly allege the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.") (quotation and citation omitted). But "[e]xpress contracts diverge from implied-in-fact contracts in the form of proof that is needed to establish each contractual element." *Stepp*, 694 N.E.2d at 514. "[I]n implied-in-fact contracts the parties' meeting of the minds is shown by the surrounding circumstances, including the conduct and declarations of the parties, that make it inferable that the contract exists as a matter of tacit

understanding." *Ramsey*, 514 F. App'x at 558. "To establish a contract implied in fact a plaintiff must demonstrate that the circumstances surrounding the parties' transaction make it reasonably certain that an agreement was intended." *Id.* (quoting *Stepp*, 694 N.E.2d at 514).

In support of his breach of an implied employment agreement claim, Lott avers (1) Defendants told him he could return once reliable transportation was secured, and (2) he fulfilled this condition by securing reliable transportation. (Doc. 1-1 at 8, ¶¶ 6-7.) To state a claim for breach of an implied employment agreement, the Complaint must plead the fundamentals of the existence of a contract: a definite offer that was accepted and a meeting of the minds. Here, that means Lott must allege facts from which it can be inferred that Defendants committed to rehire Lott. He has not done so. At best, the Complaint sets forth allegations of Defendants willingness to work with him again, provided he secured reliable transportation. These allegations do not support an inference that Defendants committed to his rehiring or placing him at the first-shift position. Thus, the Complaint fails to state an implied-in-fact employment agreement existed between Lott and Defendants.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 5) is GRANTED. Counts One and Two of the Complaint are DISMISSED. Plaintiff Gavontye Lott's claim for violation of the Fair Credit Reporting Act (Count Three) remains. A Case Management Conference Scheduling Order will follow.

**IT IS SO ORDERED.**

Date: November 19, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE