**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GAVONTYE LOTT, | CASE NO. 5:25-CV-1260 |
| Plaintiff, | JUDGE BRIDGET MEEHAN BRENNAN |
| | UNITED STATES DISTRICT JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| RESOURCE MFG, ET AL., | JENNIFER DOWDELL ARMSTRONG |
| Defendants. | **REPORT AND RECOMMENDATION** |

**I.      INTRODUCTION**

Plaintiff Gavontye Lott alleges that Defendants Resource MFG and EmployBridge violated the Fair Credit Reporting Act by "procuring a second consumer background report without [his] written authorization or disclosure" and by "fail[ing] to provide [him] with a copy of the report and a Summary of Rights as required before taking adverse employment action." (Compl., ECF No. 1-1, PageID# 9.) The defendants deny these allegations and have asserted affirmative defenses. (Ans., ECF No. 6, PageID# 49–50.)

The case is before me on a referral for general pretrial supervision pursuant to 28 U.S.C. § 636 and LR 72.1 and 72.2(a). (Order [non-document], Nov. 19, 2025.) In the time since I issued my case management order in November 2025, Mr. Lott has failed to attend three scheduled case management conferences and failed to confirm his address as required by order.

For the following reasons, I RECOMMEND that the Court DISMISS this action WITH PREJUDICE for failure to prosecute and for failure to comply with this Court's orders.

**II.     PROCEDURAL BACKGROUND**

On May 7, 2025, Plaintiff Gavontye Lott filed a three-count complaint *pro se* against Defendants Resource MFG and EmployBridge in the Summit County Court of Common Pleas.

1

(Compl., ECF No. 1-1.) Mr. Lott listed a mailing address in Akron as his residence. (*Id.*, PageID# 7.)

The Defendants removed the case to this Court in June 2025. (Notice of Removal, ECF No. 1). Their counsel certified that they served notice of the removal by FedEx and regular U.S. mail addressed to Mr. Lott at the Akron address he listed. (*Id.*, PageID# 23.)

Several days later, the Defendants moved to dismiss two of the three counts in Mr. Lott's complaint (Mot., ECF No. 5) and filed an answer addressing the last count (Ans., ECF No. 6). Again, counsel caused these documents to be served through FedEx and regular U.S. mail to Mr. Lott's Akron address. (ECF No. 5, PageID# 46; ECF No. 6, PageID# 52.)

Mr. Lott did not oppose the motion to dismiss, and the Court granted the motion on November 19, 2025. (Opinion and Order, ECF No. 8.) The clerk mailed a copy of this order to Mr. Lott. (Service Remark, Nov. 19, 2025.)

The Court then referred this case for general pretrial supervision pursuant to 28 U.S.C. § 636 and LR 72.1 and 72.2(a). (Order [non-document], Nov. 19, 2025.) On the same day, I issued an order setting a case management conference for December 12, 2025. (Order, ECF No. 9.) My order specifically required that self-represented parties appear at the CMC. (*Id.*, PageID# 61.) Copies of the referral order and my order were mailed to Mr. Lott, as were instructions for attending the conference. (Service Remarks, Nov. 19, 2025.)

The parties thereafter communicated (at least by telephone) for a Rule 26(f) planning meeting, and a joint report of the planning meeting was filed on December 5, 2025. (Report, ECF No. 10.) Mr. Lott reportedly agreed to exchange initial disclosures and stated that he intended to

depose at least one witness, and the parties reported that they anticipated exchanging written discovery. (*See id.*)[1]

Mr. Lott did not attend the December 12 conference and did not communicate with the Court regarding his absence. (*See* Order [non-document], Dec. 12, 2025.) Defense counsel appeared, but after fifteen minutes I released counsel and reset the conference for December 29, 2025. (*Id.*)

In my order resetting the conference, I warned Mr. Lott that if he fails to appear again, "the Court will consider recommending the issuance of sanctions, including the dismissal of this case with prejudice, for failure to comply with court orders and to appear as required." (*Id.*) The clerk mailed this order to Mr. Lott. (Service Remark, Dec. 12, 2025.)

On December 29, the day of the reset conference, the clerk's mailing was returned as undeliverable, with reasons listed as "Return to Sender," "Insufficient Address," "Unable to Forward." (Envelope, ECF No. 11.) I then reset the conference for January 8, 2026. (Notice [non-document], Dec. 29, 2025.) Notice of the reset conference was mailed to Mr. Lott at the same Akron address, and this mailing was not returned as undeliverable. (Service Remark, Dec. 29, 2025.)

Mr. Lott did not attend the January 8 conference and did not communicate with the Court regarding his absence. (*See* Order [non-document], Jan. 8, 2026.) Defense counsel appeared, but after ten minutes I released counsel and reset the conference for January 29, 2026. (*Id.*)

---

[1] Overlapping PDF headers make the PageID numbers in this filing difficult to read. This happens when a document is downloaded from CM/ECF with headers and then filed a second time, causing a second set of headers to be electronically added on top of the first. Parties (or counsel) downloading PDF documents from CM/ECF can download documents without headers by unchecking the box labeled "Include headers when displaying PDF documents," which is nested under "Document options," before running a docket report in the system.

3

In my order resetting the conference, I warned Mr. Lott a second time that failure to appear at the CMC would cause the Court to consider recommending sanctions, up to and including dismissal with prejudice. (*See id.*) In light of the multiple failures to appear, the lack of communication, and the fact that one of the clerk's service mailings had been returned as undeliverable, I also ordered Mr. Lott to file a change of address form by February 5, 2026, stating his current address. (*See id.*) I warned him that failure to file the address form may result in sanctions, up to and including dismissal with prejudice. (*Id.*)

A copy of this order was mailed to Mr. Lott at the Akron address, and this mailing was not returned as undeliverable. (Service Remark, Jan. 8, 2026.)

Mr. Lott failed to appear at the January 29 conference, marking the third conference he missed without explanation or communication with the Court. (*See* Order [non-document], Jan. 29, 2026.) Again, defense counsel appeared, marking the third time that counsel made an appearance in court on this case without having the opportunity to move the case forward in any way. I released counsel and indicated in a docket entry that I would take the matter under advisement. (*Id.*) A copy of this entry was mailed to Mr. Lott at the Akron address, and that mailing has, to date, not been returned as undeliverable. (*See* Service Remark, Jan. 29, 2026.)

Mr. Lott did not file an address form by February 5, 2026, and indeed none has been filed to date.

### III. LAW AND ANALYSIS

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

4

> subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (holding that the reference to a defendant's motion in the rule does not abrogate the court's inherent power to dismiss sua sponte for failure to prosecute or to comply with litigation rules or court orders); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (stating that "[u]nder . . . Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute" and reviewing such an order for abuse of discretion).

The U.S. Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30; *see also Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (stating that dismissal for failure to prosecute is "available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties").

The Sixth Circuit has identified four factors relevant to the determination of whether a case is properly dismissed for failure to prosecute under Rule 41(b):

> 1) whether the party's failure is due to willfulness, bad faith, or fault;
> 2) whether the adversary was prejudiced by the dismissed party's conduct;
> 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

While none of the four factors is usually outcome dispositive, a case is "properly dismissed . . . where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Here, Mr. Lott is at fault for not complying with the Court's November 11, 2025 case management order or with the orders issued on December 12, 2025, and January 8, 2026. While one mailing from the Court was returned as undeliverable, the Court rescheduled the conference that was the subject of that order and notice of the reset conference was not returned as undeliverable. Moreover, the docket reflects that mailings before and after the returned mailing were directed to the same address without being returned. And even if Mr. Lott has changed his address, "it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address." *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012). A party to litigation also has an affirmative duty to monitor the docket for the entry of orders. *E.g.*, *id.* at 629.

This case has been pending before this Court for nearly eight months. The docket reflects that Mr. Lott spoke with defense counsel twice, once before the filing of the motion to dismiss (*see* Mot. Dismiss, ECF No. 5, PageID# 45) and once on December 5, 2025, for the Rule 26(f) planning meeting (*see* Report, ECF No. 10). The docket otherwise reflects no engagement from Mr. Lott with his case.

In the more than two months since the Rule 26(f) planning meeting, Mr. Lott has failed to appear for three scheduled case management conferences—preventing the Court from setting a case management schedule. He has not responded to repeated orders directed to him, both requiring his attendance at these conferences and requiring the filing of an address form to ensure that he receives case-related correspondence.

Mr. Lott's inattentiveness to the case he initiated, and his failure to appear or communicate with the Court regarding these matters, reflect a "'reckless disregard for the effect of [his] conduct

6

on [these] proceedings,'" which amounts to willfulness, bad faith, or fault. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591); *see also Arbour v. Upchurch*, No. 3:22-cv-446, 2023 WL 5154550, at *3–4 (M.D. Tenn. May 26, 2023), *report and recommendation adopted*, 2023 WL 5153570 (M.D. Tenn. June 21, 2023) (dismissing a lawsuit, albeit without prejudice, where the plaintiff failed to comply with an order requiring her to provide her current mailing address and then failed to appear for a case management conference, among other things).

The remaining *Mulbah* factors also favor dismissal. The defendants have been prejudiced by Mr. Lott's actions. They have exerted time and expended resources in defending this case. Their counsel appeared for three case management conferences that could not go forward because Mr. Lott failed to appear. The parties agreed on a case management schedule at their Rule 26(f) conference, but Mr. Lott's failure to appear at the conferences has delayed the issuance of a case management order. The defendants have therefore seen agreed-upon deadlines (the cut-off date to amend the pleadings or add additional parties, and the deadline for motions directed at the pleadings), pass by. (*See* Report, ECF No. 10.) The parties agreed that deadlines for discovery, dispositive motions, and other matters should be set for this summer, but two months of that time have now elapsed without the case moving forward.[2]

As to the third factor, Mr. Lott was explicitly and repeatedly warned that failure to appear for a CMC or to notify the Court of his current address may result in a recommendation that this case be dismissed with prejudice.

---

[2] The docket does not reflect ongoing discovery activity, but I note that I am not aware of the extent the parties have been engaged in discovery (if at all). These were matters that I could have inquired into if Mr. Lott had appeared for a case management conference.

As for the fourth factor, Mr. Lott has not responded to this Court's attempts to impose a less severe sanction, *i.e.*, permission to comply with its case management order after two missed conferences and several months late. Additionally, I have considered the less severe sanction of dismissal without prejudice. But where this case has been pending for eight months with minimal engagement from Mr. Lott, where the Court has given Mr. Lott several opportunities to continue presenting his case, where there has been sufficient leniency and warning, and where Mr. Lott has nevertheless missed three scheduled case management conferences without any communication indicating an intention to continue, I find that dismissal with prejudice is appropriate. *See Pettway v. Smith*, No. 1:19-cv-1044, 2020 WL 8187552 (N.D. Ohio Aug. 4, 2020), *report and recommendation adopted*, 2021 WL 168434 (N.D. Ohio Jan. 19, 2021).

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides an additional basis on which to dismiss this action, as it authorizes courts to dismiss an action where a party fails to comply with a court order.

Fed. R. Civ. P. 16(f)(1)(C) provides:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.

"Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders." *Rivera v. Comm'r of Soc. Sec.*, No. 4:16CV2316, 2017 WL 1683660, at *2 (N.D. Ohio Apr. 11, 2017) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding dismissal appropriate for a *pro se* litigant's claims when dismissal was ordered "because he failed to adhere to readily comprehended court deadlines of which he was well-aware," and noting that the court had been "generous in granting extensions which [the litigant] failed to utilize")).

Here, Mr. Lott was required by order to appear at a case management conference. When he failed to appear, the Court was lenient and set another conference. When Mr. Lott again failed to appear as ordered, the Court set a *third* conference. Mr. Lott has failed to adhere to readily comprehended court deadlines of which he should have been well aware, and he has failed to utilize the several extensions granted him to participate in this case. Additionally, he has failed to comply with the Court's order to confirm his correct mailing address.

Accordingly, dismissal with prejudice is appropriate.

## IV. CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** this action **WITH PREJUDICE** for failure to comply with this Court's orders and for want of prosecution.

Dated: February 13, 2025

/s *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate

Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).